UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JORGE CERVANTES,**

        Petitioner,

v.                                               Case No: 6:17-cv-637-Orl-41DCI

**SECRETARY, DEPARTMENT OF CORRECTIONS and ATTORNEY GENERAL, STATE OF FLORIDA,**

        **Respondents.**
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner's Renewed Amended Motion to Stay/Hold in Abeyance Petitioner's Section 2254 Petition (Doc. 13) and Respondents' Response thereto (Doc. 16).

Petitioner acknowledges that his Second Amended Section 2254 Petitioner (Doc. 12) contains both exhausted and unexhausted claims.[1] But he states that he has only thirty-six days left to file his Section 2254 Petition, pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and that because he is focused on the state appeal, he does not have sufficient time to submit a meaningful Section 2254 Petition. Petitioner requests that the Court stay the case pending the resolution of his appeal in state court and that, following resolution of the state court appeal, the Court permit him to amend his Petition within ninety days.

Respondents object to a stay and, instead, request that the Court dismiss the Petition without prejudice. They argue that a stay is not necessary, as the limitations period is tolled pending

---

[1] In Petitioner's Second Amended Section 2254 Petition (Doc. 12), he indicates that Grounds Nine through Fourteen are currently pending on appeal in state court. (Doc. 12 at 40-53).

the appeal in state court, and the tolling period does not end until the mandate issues—at least fifteen days after the issuance of the appellate court's opinion. *See* Fla. R. App. P. 9.340(a).

Upon consideration, the Court finds that Petitioner has not provided good cause for staying these proceedings. It is, therefore, **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Renewed Amended Motion to Stay/Hold in Abeyance Petitioner's Section 2254 Petition (Doc. 13) is **DENIED**;

2. This case is **DISMISSED WITHOUT PREJUDICE** to give Petitioner the opportunity to complete the exhaustion requirements in the state courts. *See Rose v. Lundy*, 455 U.S. 509 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); and

3. The Clerk of the Court shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party